IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT L. BISHOP,

        Petitioner,

    v.

MAX WILLIAMS, et al.,

        Respondents.

Civil No. 08-256-BR

OPINION AND ORDER

     **KRISTINA HELLMAN**
     Assistant Federal Public Defender
     101 SW Main Street
     Suite 1700
     Portland, OR  97204

        Attorney for Petitioner

     **JOHN R. KROGER**
     Attorney General
     **SUMMER R. GLEASON**
     Senior Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, OR  97301

        Attorneys for Respondents

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  For the reasons that follow, the Amended Petition for Writ of Habeas Corpus is **DENIED**.

<u>BACKGROUND</u>

On December 20, 2000, a Multnomah County grand jury indicted Petitioner on one count of Manufacture of a Controlled Substance, Schedule II; one count of Delivery of a Controlled Substance, Schedule II; and one count of Possession of a Controlled Substance, Schedule II.  On May 9, 2001, a jury convicted Petitioner on all three counts.

On July 5, 2001, the trial judge sentenced Petitioner.  On counts one and two, the judge entered an upward durational departure of 68 months of imprisonment and 24 months of post-prison supervision.  The court imposed the upward departure based on two aggravating factors -- new criminal activity while on supervision and a repetition of behavior pattern with persistent involvement with drug offenses.  On count three, the judge sentenced Petitioner to six months of imprisonment and 12 months of post-prison supervision.  All of the sentences ran concurrently, for a total of 68 months of imprisonment and 24 months of post-prison supervision.

Petitioner directly appealed, and the Oregon Court of Appeals affirmed without opinion. *State v. Bishop*, 191 Or. App. 148, 82 P.3d 184 (2003). Petitioner did not seek review from the Oregon Supreme Court.

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the state PCR trial judge denied relief. On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Bishop v. Hall*, 214 Or. App. 291, 164 P.3d 344, *rev. denied*, 343 Or. 690, 174 P.3d 1016 (2007).

On February 29, 2008, Petitioner file his *pro se* Petition for Writ of Habeas Corpus. This Court appointed counsel to represent Petitioner, and on January 20, 2009, counsel filed an Amended Petition for Writ of Habeas Corpus alleging one claim for relief:

> [Petitioner] did not receive effective assistance of trial counsel as guaranteed by the Sixth Amendment to the United States Constitution when trial counsel failed to object under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the imposition of departure sentences.

Respondent argues the PCR court decision denying relief on this claim is entitled to deference in this Court and Petitioner is not entitled to relief on the merits of his claim.

## DISCUSSION

**I.   Legal Standards**

Under 28 U.S.C. § 2254(e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

The Supreme Court has established a two-part test to determine whether a defendant has received ineffective assistance of counsel. Under this test, a petitioner must prove that counsel's performance fell below an objective standard of

reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-888 (1987).

To prove a deficient performance of counsel, a petitioner must demonstrate that trial counsel "made errors that a reasonably competent attorney as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

**B.   Analysis**

Petitioner argues trial counsel provided constitutionally ineffective assistance of counsel because he did not object, pursuant to *Apprendi,* to the upward departure sentences. In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Following *Apprendi*, Oregon state courts and federal circuit courts understood "statutory maximum" to be the maximum punishment

permissible under the range of statutory penalties allowed. *See Schardt v. Payne*, 414 F.3d 1025, 1035 (9th Cir. 2005) (collecting federal circuit court cases); *State v. Dilts*, 179 Or. App. 238, 39 P.3d 276 (2002), *aff'd* 336 Or. 158, 82 P.3d 593 (2003), *vacated by Dilts v. Oregon*, 542 U.S. 934 (2004).

Four years later, however, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely*, the Supreme Court concluded that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303. In other words, *Blakely* defined "statutory maximum" to include the applicable presumptive sentencing range under mandatory sentencing guidelines. *See, e.g., Bush v. Hill*, 2008 WL 4365206 (D. Or. 2008) (explaining effect of *Blakely* in Oregon).

Here, Petitioner was sentenced within Oregon's applicable statutory parameters, satisfying the interpretations of *Apprendi*. Because his sentence exceeded the presumptive sentence under the Oregon Sentencing Guidelines, the sentence violated *Blakely*. It is well settled, however, that *Blakely* does not apply retroactively to convictions which became final prior to that decision. *Schardt*, 414 F.3d at 1036. Nevertheless, even though his sentencing took place before the *Blakely* decision, Petitioner

argues counsel's services were constitutionally ineffective because counsel did not raise a *Blakely*-like objection in the wake of *Apprendi*.

As indicated by the post-*Apprendi*, pre-*Blakely* decisions of Oregon state courts and federal circuit courts, "the rule announced in *Blakely* was clearly not apparent to all reasonable jurists, nor was it dictated by precedent." *Schardt*, 414 F.3d at 1035. "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) (citing *Strickland*, 466 U.S. at 690). Thus, a court reviewing an ineffective assistance of counsel claim cannot require that an attorney anticipate a decision in a later case. *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).

Here, because existing precedent did not support a Sixth Amendment objection at the time of Petitioner's sentencing, counsel's performance did not fall below an objective standard of reasonableness for his failure to raise such an objection. *See Bufford v. Hill*, 2009 WL 1974442 (D. Or. 2009); *Losh v. Hill*, 2009 WL 1089478 (D. Or. 2009); *Zurcher v. Hall*, 2008 WL 3836301 (D. Or. 2008); *Dunn v. Hill*, 2008 WL 1967723 (D. Or. 2008), *aff'd*, 307 Fed. Appx. 83 (9th Cir. 2009), *cert. denied sub nom Dunn v. Nooth*, 129 S. Ct. 2798 (2009). Accordingly, the PCR trial court's

decision denying relief on Petitioner's ineffective assistance of counsel claim was not contrary to or an unreasonable application of clearly established federal law.

### CONCLUSION

For these reasons, the Court DENIES the Amended Petition for Writ of Habeas Corpus and DISMISSES this action.

IT IS SO ORDERED.

DATED this <u>6th</u> day of November, 2009.


<u>     /s/ Anna J. Brown          </u>
ANNA J. BROWN
United States District Judge

P:\Brown-LawClerks\08-256bishop1105opin.wpd